1  David R. Griffin, Esq. SBN. 76619
2  Griffin Law Group
   550 West B Street
3  4th Floor #130
   San Diego, CA 92101
4  Ph.: (619)-222-0888
   E:  drg@drgesq.com
5
6  Reshma Kamath, SBN. 333800
   P.O. Box #2792,
7  Yuma, AZ 85366
   Ph.: (650)-257-0719
8  E:  reshmakamath2021@gmail.com
9  Counsel for Plaintiff, and Cross-Defendant,
   Van Schwartzmann
10
11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                **IN AND FOR THE COUNTY OF LOS ANGELES**
12
13 VAN SCHWARTZMANN, an individual,        Case No. #21STCV01307
                                            *[Assigned to Judge Barbara J. Meiers at Department 12.]*
14          Plaintiff,
15     vs.                                   **NOTICE OF MOTION AND MOTION TO STRIKE CROSS-COMPLAINT, IN ITS ENTIRETY; MEMORANDUM OF POINTS AND AUTHORITIES; COUNSEL RESHMA KAMATH'S DECLARATION OF GOOD-FAITH COMPLIANCE WITH MEET-AND-CONFER REQUIREMENTS OF CALIFORNIA *CODE OF CIVIL PROCEDURE* § 435.5(a); [PROPOSED] ORDER.**
16 SOUTH COAST TAX RESOLUTION, a
   corporation; RYAN ERIC BORN, an individual;
17 SANDRA WOLFE, an individual; and DOES 1-
18 50, inclusive,
19          Defendants.
20
21 --------------------------------------------------
22 SOUTH COAST TAX RESOLUTION, RYAN
   ERIC BORN, and SANDRA WOLFE,           Date       April 21, 2021
23                                          Time       09:30 a.m.
            Cross-Complainants,             Location   Dep't. 12, Stanley Mosk
24
25     vs.                                  Reserv. I.D.    469874141528
26 VAN SCHWARTZMANN, an individual; and
   ROES 1-10, inclusive
27              Cross-Defendants.
28

**TO DEFENDANTS/CROSS-COMPLAINANTS**, **AND THEIR ATTORNEYS OF RECORD:**

   **PLEASE TAKE NOTICE** that on April 21, 2021 at 09:30 A.M., or as soon after that as the matter can be heard, in Department 12 of the above-entitled court located at Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California 90012, Plaintiff/Cross-Defendant VAN SCHWARTZMANN ("Plaintiff/Cross-Defendant") will move this Court for an order striking the entire cross-complaint of SOUTH COAST TAX RESOLULTION, RYAN ERIC BORN, AND SANDRA WOLFE (collectively referred to as "Defendant/Cross-Complainant"). (2) This is in accordance with Cal. *Cod. Proc*. Section 1005.

   **In its ENTIRETY**, VAN SCHWARTZMANN requests this Court to strike this Cross-Complaint, which alleges four irrelevant, and improper, causes of action: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith, and Fair Dealing; (3) Intentional Infliction of Prospective Economic Relations; and, (4) Defamation- Libel, with insufficient basis in fact, and law.

   In the alternative, VAN SCHWARTZMANN will move this Court to strike namely the portion on Pages 3, and 4, of the Cross-Complaint, in the causes of action portion, at lines 24-30, **THIRD CAUSE OF ACTION- INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**, and the portion on Pages 4, and 5, of the cross-complaint, in the causes of action portion, at line 31-35, **FOURTH CAUSE OF ACTION- DEFAMATION- LIBEL; AND, PUNITIVE DAMAGES, AND ATTORNEYS' FEES, AND COSTS, as in PRAYER FOR RELIEF**. The grounds for this Motion to Strike are set forth below.

   **MOTION TO STRIKE ANY, AND ALL PORTIONS OF THE CROSS-COMPLAINT**

   This Motion to Strike is made pursuant to *Code of Civil Procedure* §§ 435-437 on the grounds that nowhere in the Cross-Complaint do Defendants/Cross-Complainants allege facts sufficient to entitle them to any, and all damages, specifically punitive damages in torts, and attorneys' fees in

causes of action first, and second. Cross-Complainants fail to meet the high threshold to plead punitive damages, as per California law.

This motion to strike is based upon this notice and the attached motion to strike, the attached memorandum of points and authorities in support thereof, the attached declaration of Attorney Reshma Kamath, regarding compliance with the meet and confer requirements of *Code of Civil Procedure* § 435.5(a), the complete court records on file in this action and upon such other further written or oral evidence which may be presented at the time of hearing of this motion.

WHEREFORE, Plaintiff/Cross-Defendant VAN SCHWARTZMANN prays:

(1) That this motion to strike be granted;

(2) For such other relief this Court may deem just, and proper.

///

DATED: MARCH 26, 2021

*Reshma Kamath*

**ATTORNEY RESHMA KAMATH,
FOR PLAINTIFF VAN SCHWARTZMANN**

NOTICE OF MOTION, AND MOTION TO STRIKE PORTIONS OF DEFENDANT, AND CROSS-
COMPLAINANT'S CROSS-COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

Cross-Complainants SOUTH COAST TAX RESOLULTION, RYAN ERIC BORN, and SANDRA WOLFE (collectively referred to as "Defendants/Cross-Complainants") filed their Cross-Complaint on February 18, 2021 against Plaintiff/Cross-Defendant VAN SCHWARTZMANN ("Van Schwartzmann.")

This Cross-Complaint alleges four causes of action for (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith, and Fair Dealing; (3) Intentional Infliction of Prospective Economic Relations; and, (4) Defamation- Libel. ***All*** of them have pled ***insufficient factual allegations*** to meet their burden to prove each prong of the four causes-of-action.

Specifically, the Cross-Complaint is extremely vague, and ambiguous, consists of uncertain allegations, relies on heavily unsubstantiated legal conclusions, and thus, does not sufficiently state any, and all causes of action.

According to Cal. *Cod. Civ. Proc.* § 436, this Court has discretion to grant a Motion to Strike:

"The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper: (a) Strike out any irrelevant, false, or improper matter inserted in any pleading. (b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

Furthermore, "where pleadings are defective, "the defect may be raised by a demurrer or motion to strike or by motion for judgment on the pleadings." *Coyne v. Krempels*, 36 Cal. 2d 257, 223 P.2d 244 (1950.)

As per Cal. *Cod. Civ. Proc.* section 435:

"(c) If a party serves and files a notice of motion to strike without demurring to the complaint, the time to answer is extended and no default may be entered against that defendant…"

Declaration of Counsel Reshma Kamath further signifies the meet-and-confer request she put forth to speak with opposing counsel for Cross-Complaints, in her good-faith effort to have them amend the Cross-Complaint, prior to her filing a responsive pleading, as per California *Code, Code of Civil Procedure* section 435.5.

As such, this Court must strike the **entire** Cross-Complaint. Alternately, this Court may strike identified portions of this Cross-Complaint.

## II.    ARGUMENT

### A. IRRELEVANT AND IMPROPER MATTER MUST BE STRICKEN FROM THE COMPLAINT

*Code of Civil Procedure* 435 (b)(1) "any party, within the time allowed to respond to a pleading may serve and file a notice of motion to strike the whole or any part thereof..."

Further, CCP 436 provides:

"The court may, upon a motion made pursuant to Section 435, or at any time in its discretion, and upon terms it deems proper:
(a) Strike out any irrelevant, false, or improper matter inserted in any pleading.
(b) Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."

In *Ricard v. Goldstein et al*, 6 Cal. App. 4th 157, 162, "the trial court has authority to strike sham pleadings, or those not filed in conformity with its prior ruling." See *Code Civ.Proc.,* §436; and, see *Lyons v. Wickhorst* (1986) 42 Cal.3d 911, 915, 231 Cal.Rptr. 738, 727 P.2d 1019.

<u>Here</u>, Cross-Complaints attempt to plead Breach-of-Contract, and Breach-of-Implied-Covenant-of-Good-Faith-And-Fair Dealing. However, they show **NO facts** to prove this whatsoever. A mere statement, "failure to provide information" remains insufficient.

///

///

///

1.  <u>First, and Second Cause of Action in Cross-Complaint; Thus, Motion to Strike is Justified.</u>

In lines 13-18 of the First Cause of Action- Breach of Contract, Cross-Complainants fail to show how the contract was breached (line 14), and what information Van Schwartzmann was to provide Cross-Complaints (lines 15-16.) <u>Insufficient facts, and no exhibits attached</u>, to prove otherwise. No exhibits, and statements were incorporated by reference.

Specifically, as per case law, "'Causation of damages in contract cases, as in tort cases, requires that the damages be proximately caused by the defendant's breach, and that their causal occurrence be at least reasonably certain.' A proximate cause of loss or damage is something that is a substantial factor in bringing about that loss or damage." *US Ecology, Inc. v. State, 129 Cal.App.4th* 887, at p. 909, internal citations omitted; *Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1102-1103[192 Cal.Rptr.3d 354], footnote and internal citation omitted.

"Determining whether a defendant's misconduct was the cause in fact of a plaintiff's injury involves essentially the same inquiry in both contract and tort cases." Tribeca Companies, LLC, supra, 239 Cal.App.4th at p. 1103.

In line 18, Cross-Complaints have <u>failed to show any sufficient facts to allege how any purported losses were caused by Van Schwartzmann</u>. They do not state what information he did, or did not provide, in failing to meet his duties, under the contract.

In lines 19-23 of the Second Cause of Action- Breach of Implied Covenant of Good-Faith, and Fair Dealing, Cross-Complainants fail to allege sufficient facts to plead how Van Schwartzmann purportedly failed to meet his implied covenant of good-faith, and fair dealing, under any contract with Cross-Complainants. Lien 22 makes a blanket statement of alleged unfair, and bad-faith conduct from Van Schwartzmann, unfounded as per facts in the Cross-Complaint.

This Cross-Complaint is lacking in any justifiable factual allegations to prove any, and all Causes-of-Action. Thus, the First, and Second Causes of Action Must Be Stricken in Their Entirety.

2. <u>Third, and Fourth Cause of Action in Cross-Complaint Not Grounded In Fact And Law- Thus, Motion To Strike Is Warranted.</u>

In this present matter, in filing a Complaint, Van Schwartzman is exercising his rights as a consumer, who engaged in receiving business tax services from Defendants. Van Schwartzmann is an **<u>individual</u>** residing at 65 Portuguese Bend Road, Rolling Hills, CA 90274.

Under public-policy interests in California, consumer protection laws apply to transactions by individuals for products or services. These laws protect consumers from inferior or hazardous products, deceptive advertisements, and fraudulent business, and sales practices, as South Coast provided to Van Schwartzmann. Within this context, Van Schwartzmann filed a proper original Complaint, pending before this Court. No false, and intentional statement is proven by this. No actual malice standard, or intent for following torts met, because Cross-Complaint failed to plead any, and all causes of action in their Cross-Complaint.

(a) <u>*Third Cause-of-Action: Intentional Interference With Prospective Economic Relations- MUST be Stricken.*</u>

***Failure*** of Cross-Complaints to plead facts to allege this cause of action deems this "Third Cause of Action- Intentional Interference With Prospective Economic Relations," be **STRICKEN** from Cross-Complaint.

"Intentional interference with prospective economic advantage has five elements:(1) the existence, between the plaintiff and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the defendant's action." *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2Cal.5th 505, 512 [213 Cal.Rptr.3d 568, 388 P.3d 800]].

This tort is a type of unfair business practice when a person and/or entity intentionally interferes with an established business relationship through unlawful or wrongful means.

The key element of the cause of action is, "…proving that the defendant not only knowingly interfered with the plaintiff's expectancy (of a profitable business relationship), but also that defendant engaged in conduct that was *wrongful by some legal measure other than the mere fact of the interference itself*." *Delta Penna v Toyota Motor Sales, Inc*., (1995) 11 CA 4th 376.

Schwartzmann never knowingly interfered with any business practice of South Coast, and other Cross-Complainants. Furthermore, this tort requires Plaintiff have: An existing business relationship with a third party, and A reasonable certainty that a specific future dealing with such third party will be economically profitable.

**None of above**. **No** improper means, and improper motives. **No** wrongful conduct by some legal measure other than mere fact of interference itself. **No** reasonable expectation of profit.

In this instant case, Schwartzman was a consumer acquiring tax services; not engaging in a business relationship to be economically profitable. As an individual requesting, and paying for business tax services on three matters, mainly:

"the tax consultant and tax assistance services that Defendants were to render were:

  1) the resolution of an Offer In Compromise with the Internal Revenue Service;
  2) 2016 Bookkeeping records for Plaintiffs' business, Van Go Woodworks, Inc., located at 318 Avenue I # 46, Redondo Beach, CA 90277;
  3) Prepare the corporation filings for tax year 2016 and 2017;
  4) Prepare Individual 1040 tax filings for years 2016 and 2017; and,
  5) The establishment of an installment plan to payback past due taxes with the Franchise Tax Board of California." (*Compl.* Sec. 7.)

Cross-Complaints have ***failed*** to plead Van Schwartzmann had any reasonable expectation of future economic profits from these tax services. In fact, Schwartzman paid Cross-Complaint, and their agents, payment in the sum of two-thousand dollars ($2000) on February 18, 2015.

Cross-Complaints have *failed* to plead Van Schwartzmann had any alleged improper motives, and improper means. In fact, Van Schwartzmann *did not*, as per facts in Complaint, in this same underlying matter.

(b) *Fourth Cause-Of-Action- Defamation-Libel MUST be Stricken.*

California's statute of limitations for defamation is one (1) year. See California *Code of Civil Procedure* 340(c). Cross-Complaints failed to meet this required statutory time period.

Cross-Complaints do not even provide an indicia of when, where, and how the defamatory statement was made. In either case, the statute-of-limitations has run.

In fact, in section 32 of the Cross-Complaint, it is alleged, "*By filing this lawsuit*, Cross-Complainant has made false written statements regarding Cross-Complainant's business reputation that refer to incompetent conduct involving Plaintiff's business, personnel, trade or profession."

To reiterate, Van Schwartzmann, as a matter of right, and within his due-process rights, afforded to him by this Court, can file a lawsuit, alleging facts. In filing a lawsuit, as Cross-Complainants improperly allege, Van Schwartzmann has not made a defamatory statement.

Further, in this cause-of-action, the dispositive factor is whether the claimed injuries arose out of the acts insufficiently alleged by cross-complainant. Cross-complainants have alleged nothing more.

Cal. *Civ. Code* §45 provides codified definitions for libel:

"Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which tends to injure him in his occupation." California *Civ. Cod.* section 44;

The tort involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. *Civ. Code* §§ 45, 46; see *Smith v. Maldonado* (1999) 72 Cal.App.4th 637, 645; *Seelig v. Infinity Broadcasting Corp.* (2002) 97 Cal.App.4th 798, 809.

As a prong, defamation requires publication to third parties. To allege defamation, corporations must show false statements were made to third parties. Since California law treats defamation as an intentional tort, a defendant must have intended the specific publication. *Gregory v. McDonell Douglas Corp.* (1976) 17 Cal.3d 596, 601; *Copp v. Paxton* (1996) 45 Cal. App. 4th 829.

As a formal method of judicial procedure, Van Schwartzmann exercised his rights to file a Complaint, in accordance with California's public policy. Any e-mail communications as Exhibits in the Complaint were Van Schwartzmann's inquiry, and worry about why Cross-Complainants failed to act, as per this duties, and obligations, on payment in the sum of $2000. It was sent only to Cross-Complainants, their agents who were purportedly assisting him with tax services, and to the person who introduced them. In this case, Cross-Complainants have failed to prove specific intent to publish.

Lastly, as previously stated, Defamation requires a showing of damages, and harm to business, or reputations. *Mattel, Inc. v. Luce*, No. B143260, 2001 WL 1589175, at *8 (Cal. Ct. App. Dec. 13, 2001), as modified (Jan. 8, 2002) (quoting Cal. *Civ. Code* § 45). Generally, corporations, such as South Coast, alleging libel must show defamatory statements resulted in damages to their businesses or reputations. No such statements exist.

*Assuming arguendo*, this is a business defamation claim, which Cross-Complaints failed to specifically state. No harm to business was particularly pled with sufficient facts. *Shores v. Chip Steak Co.* (1955) 130 Cal. App. 2d 627. Actual damages to economic interest, and alleged facts to show Van Schwartzmann caused this, as an individual paying for tax services, was never proven. *Copenbarger v. Morris Cerullo World Evangelism,Inc.* (2018) 29 Cal.App.5th 1, 9 [239 Cal.Rptr.3d 838.]

NOTICE OF MOTION, AND MOTION TO STRIKE PORTIONS OF DEFENDANT, AND CROSS-COMPLAINANT'S CROSS-COMPLAINT

Cross-Complaints **failed** to sufficiently allege any revenue damages, or loss of profits, from their alleged defamation claim of libel against Van Schwartzmann. Damages pled in Cross-Complaint remain insufficient, as per the fourth prong, of the Fourth Cause-of-Action, Defamation-Libel.

Thus, this Fourth Cause-of-Action Defamation-Libel must be **STRICKEN**.

3. Punitive Damages Requires A High Threshold Of Allegations In Stated Claims; This Remains Unmet In Cross-Complaint.

*Nowhere* in their Cross-Complaint have Cross-Complaints proven an inkling of evidence, and specific facts to show wanton and willful misconduct by Van Schwartzmann in his dealings with Cross-Complaints. Their Punitive Damages claim, thus, remains unjustified.

In California, punitive damages are discretionary. Only in certain circumstances are punitive damages awarded, in addition to actual damages. Punitive damages are penalties; typically awarded at the court's discretion when the defendant's behavior is found to be especially harmful.

Punitive damages are normally not awarded in the context of a breach of contract claim. *City of Hope Nat. Med. Center v. Genentech, 181 P. 3d 142 – Cal: Supreme Court 2008.*

In the case of tort liability, courts may choose to apply punitive damages. However, in California, they will typically only do so if the plaintiff can prove that the defendant engaged in an intentional tort and/or engaged in wanton and willful misconduct. In California, in non-breach of contract cases, punitive damages may be available, when a plaintiff has proven by clear and convincing evidence that the defendant acted with "oppression, fraud, or malice[.]" *Myers Bldg. Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 960.

Cross-Complainants have failed to make such a specific showing with clear-and-convincing evidence, on the part of Van Schwartzmann.

In 1941, the California Supreme Court explained that a defendant who performs an act "intentionally with the knowledge that it will probably cause harm" can be required to pay damages above and beyond those available in traditional negligence cases. Willful and wanton negligence, on the other hand, requires disregarding the risks that behavior may pose to others. *Donnelly v. Southern Pacific Co.*, 18 Cal. 2d 863 (1941).

A jury will consider all of the following factors when calculating punitive damages:

"How reprehensible was the defendant's conduct?
Did the defendant cause physical harm?
Did the defendant disregard the safety and health or others;?
Did the defendant knew about the victim's financial vulnerabilities and take advantage of that knowledge?
Was the defendant's conduct was part of a pattern or practice?
Did the defendant act with trickery or deceit?
What award is necessary to punish the defendant and discourage future wrongful conduct?
Is there a reasonable relationship between the degree of the defendant's wrongful conduct and an appropriate award of punitive damages?" See *Philip Morris USA v. Williams* (2007) 549 U.S. 346,353-354 [127 S.Ct. 1057, 166 L.Ed.2d 940.

<u>In this case</u>, as the Cross-Complaints discuss in the THIRD CAUSE OF ACTION, accounting services, and other third parties, and the purported harm caused to these third-party service providers. VAN SCHWARTZMANN has nothing to do with these accounting services of Cross-Complainants, and never even interacted with them. In fact,

"'Due process **does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims** against a defendant under the guise of the reprehensibility analysis . . . . Punishment on these bases creates the possibility of multiple punitive damages awards for the same conduct . . . .' This does not mean, however, that the defendant's similar wrongful conduct toward others should not be considered in determining the amount of punitive damages." *Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 562 [131 Cal.Rptr.3d 382], internal citation omitted. **[Emphasis Added.]**

Finally, in the context of a business practice and policy, Cross-Complaints pled <u>no facts</u> of alleged conduct of Van Schwartzmann <u>to deter with punitive damages.</u> *Izell v. Union Carbide Corp.* (2014) 231 Cal.App.4th 962, 986, fn. 10[180 Cal.Rptr.3d 382.]

Thus, (1) lack of sufficient allegations from Cross-Complainants; (2) violation of Van Schwartzman's due process rights in awarding speculative punitive damages, without meeting the high burden; and (3) any, and all, allegations claiming any such alleged harm to accounting parties, and third-party service providers, for punitive damages, **MUST** be stricken.

4. <u>Attorneys' Fees, and Costs</u>

As alleged in the prayer for relief, Cross-Complainants requests attorneys' fees, the matter is irrelevant because the damages sought by Cross-Complainants are not supported by the cause of actions pleaded and Cross-Complainants has otherwise failed to plead fact showing Cross-Complainants that it is entitled to attorney fees. Attorney fees are only recoverable when authorized by contract, statute or "law." (Cal. *Cod. Proc.* § 1033.5(a)(10)(A), (B) & (C)). The First cause of action is for breach of written contract and Cross-Complainants has failed to sufficiently allege how the written agreement between the parties provided for attorney fees. Nor do any exhibits, and statements incorporated by reference, provide for recovery of attorney fees.

Similarly, the Second cause of action for account stated also fails to provide that an agreement between the parties provides for attorney fees. Cross-Complainants' only basis for a limited recovery of attorney fees would be its claim for tax services that it never provided to Van Schwartzmann, and ignored and utterly disregarded. For the foregoing reasons, the Court should strike Cross-Complainants' allegations regarding attorney fees set forth in its prayer-for-relief.

*In sum*, the entire Cross-Complaint is falsely, and improperly alleged, as to the four Causes-of-Action, (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith, and Fair Dealing; (3) Intentional Infliction of Prospective Economic Relations; and, (4) Defamation- Libel, with irrelevant, and insufficient factual allegations, under Cal. *Cod. Proc.* sections 435-436, and thus, this Court **MUST** strike the Cross-Complaint, *in its entirety*.

III.     **CONCLUSION**

Based on the foregoing reasons and authorities cited, Plaintiff and Cross-Defendant Van Schwartzmann respectfully requests that the Motion to Strike the Cross-Complaint be granted, ***in its entirety***.

**DATED:** March 26, 2021                          *Respectfully Submitted,*

*Reshma Kamath*

Reshma Kamath

David R. Griffin, Esq.


**Attorneys,**
**For Plaintiff and Cross-Defendant**
**Van Schwartzmann**



Journal Technologies Court Portal

# Make a Reservation

VAN SCHWARTZMAN vs SOUTH COAST TAX RESOLUTION, et al.

Case Number: 21STCV01307    Case Type: Civil Unlimited    Category: Contractual Fraud
Date Filed: 2021-01-12    Location: Stanley Mosk Courthouse - Department 12

## Reservation

| | |
|---|---|
| Case Name:<br>VAN SCHWARTZMAN vs SOUTH COAST TAX RESOLUTION, et al. | Case Number:<br>21STCV01307 |
| Type:<br>Motion to Strike (not anti-SLAPP) - without Demurrer | Status:<br>RESERVED |
| Filing Party:<br>Van SCHWARTZMAN (Cross-Defendant) | Location:<br>Stanley Mosk Courthouse - Department 12 |
| Date/Time:<br>04/21/2021 9:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>469874141528 | Confirmation Code:<br>CR-A8CORG95NSYFORYRR |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion to Strike (not anti-SLAPP) - without Demurrer | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

Chat

| Amount: | Type: |
|---|---|
| $61.65 | MasterCard |
| Account Number: | Authorization: |
| XXXX7873 | 2LA3AJ |

🖶 Print Receipt    ➕ Reserve Another Hearing    👤 View My Reservations

Copyright © Journal Technologies, USA. All rights reserved.