Reshma Kamath, SBN. 333800
P.O. Box #2792,
Yuma, AZ 85366
Ph.: (650)-257-0719
E.: reshmakamath2021@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| VAN SCHWARTZMAN, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SOUTH COAST TAX RESOLULTION, a corporation; RYAN ERIC BORN, an individual; SANDRA WOLFE, an individual; and DOES 1-50, inclusive,<br><br>　　　　Defendants<br>-------------------------------------------------<br>SOUTH COAST TAX RESOLULTION, RYAN ERIC BORN, and SANDRA WOLFE,<br><br>　　　　Cross-Plaintiffs,<br><br>vs.<br><br>VAN SCHWARTZMAN, an individual; and ROES 1-10, inclusive<br>　　　　Cross- Defendants. | **Case Number: 2:21-cv-03723**<br>(LASC: 21STCV01307)<br><br>**[PROPOSED]**<br><br>**CROSS-DEFENDANT/ PLAINTIFF VAN SCHWARTZMAN'S FIRST AMENDED COMPLAINT**<br><br>1. **VIOLATION OF 26 U.S. Code § 6695, and 7701(a);**<br>2. **VIOLATION OF 26 U.S. Code § 6695(a);**<br>3. **VIOLATION OF 26 U.S. Code § 6695(d);**<br>4. **VIOLATION OF 26 U.S. Code § 6695(e);**<br>5. **VIOLATION OF 26 U.S. Code § 6695-2;**<br>6. **Breach of Contract.** |

Cross-Defendants/Plaintiff Van Schwartzman complains and alleges, as follows:

## I.    INTRODUCTION

1. On February 15, 2018, Cross-Defendant/Plaintiff sought tax resolution services, tax consultancy, and tax assistance services for the resolution of tax liens with the Franchise Tax Board of California, and the Internal Revenue Service from Cross-Plaintiffs/Defendants South Coast Tax Resolution (Cross-Plaintiff/Defendant South Coast); Born Eric Born (Cross-Plaintiffs/Defendant Born); and Sandra Wolfe ("Cross-Plaintiff/Defendant Wolfe"), and Does 1-50, inclusive, (collectively, Cross-Plaintiffs/Defendants.)

2. Cross-Plaintiffs/Defendants failed to perform.

## II.    PARTIES

3. Cross-Plaintiffs/Defendants Plaintiff Van Schwartzman is an individual residing at 65 Portuguese Bend Road, Rolling Hills, California 90274.

4. Cross-Plaintiffs/Defendants South Coast Tax Resolution is a California Business Entity with a principal place of business office at 5716 Corsa Avenue, #105, Westlake Village, California 91362.

5. Cross-Plaintiffs/Defendants Born Eric Born; Thomas J. Lindley, and Wolfe Wolfe, and Does 1-50, inclusive, are all individuals, and employees, agents, and/or representatives of Cross-Plaintiffs/Defendants South Coast.

## III.    JURISDICTION AND VENUE

6. Jurisdiction over Cross-Plaintiffs/Defendants is proper under California Code of Civil Procedures §410.10, and under Federal Code of Civil Procedure.

7. The causes of actions arising from this transaction, and/or occurrence consist of both state, and federal causes of action, because federal tax preparation was involved.

8. This Court has general personal jurisdiction over Cross-Plaintiffs/Defendants South Coast Tax Resolution, because it is a business entity registered with the Secretary of State of California, and has its principal place of business in Westlake Village, CA.

9. This Court also has general personal jurisdiction over Cross-Plaintiffs/Defendants Born; Wolfe, because they are all employed in Westlake Village, California, and because they engaged in federal tax preparation services as well.

## IV. FACTUAL ALLEGATIONS

10. On February 15, 2018, Cross-Defendant retained Cross-Plaintiffs/Defendants to render tax consultant and tax assistance services for the resolution of tax liens with the Franchise Tax Board of California, and the Federal Internal Revenue Service.

11. Based on this retainer, Cross- Defendants/ Plaintiff remitted to Cross-Plaintiffs/Defendants an initial payment of $2,000.

12. Cross- Defendants/ Plaintiff did not receive a copy of this alleged agreement, as well as several other tax forms over the course of several years.

13. The tax consultancy, and assistance services Cross-Plaintiffs/Defendants were to render to Cross-Defendant were, as follows:

1. Resolution of an Offer-In-Compromise with the Internal Revenue Service

2. Book-keeping records for the year 2016 for Cross-Cross-Plaintiffs/Defendants/ Plaintiff s' business, Van Go Woodworks, Inc., located at 318 Avenue I #46, Redondo Beach, California 90277;

3. Prepare the corporation filings for tax year 2016 and 2017;

4. Prepare Individual 1040 tax filings for years 2016 and 2017; and,

5. The establishment of an installment plan to payback past due taxes with the Franchise Tax Board of California.

14. A portion of Cross-Defendant's debt to the Franchise Tax Board of California for tax years 2016, and 2018, respectively, was $2437.39. In addition, another portion of Cross-Cross-Plaintiffs/Defendants/ Plaintiff s' debt to the Franchise Tax Board of California for tax years 2014 and 2015, respectively, was $1529.30.

15. For this Cross-Plaintiffs/Defendants Born sent Cross-Defendant two forms, and a retainer to sign. Cross-Defendant duly complied.

16. On August 17, 2018, Cross-Defendant wrote an e-mail to Cross-Plaintiffs/Defendants Born explaining Cross-Plaintiffs' frustration in the services rendered and the lack of assistance offered in filing relevant tax state and federal tax forms, having Cross-Defendant incur, and pay over $14,000 in fees to tax boards.

17. Cross- Defendant asserts Cross Plaintiffs/Defendants was evasive, did not return phone calls, e-mails, and was never kept abreast of Cross-Plaintiffs/Defendants' communications with the Franchise Tax Board for Cross-Defendant's tax preparation work.

18. On January 08, 2019, Cross-Defendants sent an e-mail to Cross-Plaintiffs/Defendants Born expressing his devastation when the Franchise Tax Board executed an excessive garnishment of $2360.00, when Cross-Defendant believed Cross-Plaintiffs/Defendants arranged a monthly payment plan of $65.00.

19. On June 18, 2019, Cross-Defendant sent an e-mail to Cross-Plaintiffs/Defendants Born that included a notice by the Internal Revenue Service, dated May 9, 2019, enumerating the liens executed for a total of $14395.31.

20. During this time, Cross-Plaintiffs/Defendants Born also disclosed Cross-Cross-Plaintiffs/Defendants/ Plaintiff's personal tax documentation to a third party, when in fact, Cross-Defendants remained completely unaware why Cross-Plaintiffs/Defendants did so.

21. Cross-Cross-Plaintiffs/Defendants/ Plaintiff was repeatedly requesting Cross-Plaintiffs/Defendants Born for this same information, yet no response was provided by Cross-Plaintiffs/Defendants Born.

22. In addition, Cross-Defendant was only allowed to communicate with a managerial, and secretarial staff, Cross-Plaintiffs/Defendants Wolfe on such matters.

## V. CAUSES OF ACTIONS

### FIRST CAUSE OF ACTION
### VIOLATION OF 26 U.S. Code § 6695(a) and 7701(a)
### (Against All Cross-Plaintiffs/Defendants)

23. Cross-Defendant/Plaintiff refers to, re-alleges, and incorporates by reference paragraphs 1-20, above.

24. Under 26 U.S. Code section 6695, Paragraph (a) defines "tax return preparer" by cross-reference to section 7701(a)(36) of the Code.

25. The definition of tax return preparer provided in section 7701(a)(36) of the Code states:

26. "The term `tax return preparer' means any person who prepares for compensation, or who employs one or more persons to prepare for compensation, any return of tax imposed by this title or any claim for refund of tax imposed by this title.

27. For purposes of the preceding sentence, the preparation of a substantial portion of a return or claim for refund shall be treated as if it were the preparation of such return or claim for refund."

28. In addition, the definition of "person" provided in section 7701(a)(1) of the Code states:

29. "The term `person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation."

30. Thus, the definition of tax return preparer already includes business entities in addition to individuals. Further, while individual paid tax return preparers who prepare, or assist in preparation of, all or substantially all of a tax return or claim for refund are required by Treas. Reg. § 1.6109-2 to obtain an identifying number, the definition of "tax return preparer" in section 7701(a)(36) does not include a requirement that the person have obtained an identifying number.

31. Therefore, penalties under section 6695(g) of the Code apply to any person who falls within the definition provided in section 7701(a)(36) of the Code, without regard for whether they have an identifying number.

32. In this case, Cross-Plaintiffs/Defendants clearly fall under the definition of tax return preparer.

33. Also, each individual, Born, Wolfe, and Does 1-50, inclusive, fall within the definition of "person," as proscribed above.

34. Van Schwartzman sought tax resolution services from Cross-Plaintiffs/Defendants for his tax services, under Federal Tax Returns. He provided all necessary forms, as per federal tax law.

35. Failure of Cross-Plaintiffs/Defendants in meeting their prescribed duties, as per this Section **26 U.S. Code § 6695**, provides Cross-Defendants/ Plaintiff with the right to seek damages for harm caused.

36. Thus, Cross-Defendant seeks all damages, as per this statute, and as stated in the Prayer for Relief.

///

## SECOND CAUSE OF ACTION
## VIOLATION OF 26 U.S. Code § 6695 (a)
## (Against All Cross-Plaintiffs/Defendants)

37. Cross-Defendant refers to, re-alleges, and incorporates by reference paragraphs 1-36, above.

38. As per Section **26 U.S. Code § 6695**, Cross-Defendant/ Plaintiff alleges a cause of action, based on the following:

    "(a)FAILURE TO FURNISH COPY TO TAXPAYER

    Any person who is a tax return preparer with respect to any return or claim for refund who fails to comply with section 6107(a) with respect to such return or claim shall pay a penalty of $50 for such failure, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The maximum penalty imposed under this subsection on any person with respect to documents filed during any calendar year shall not exceed $25,000."

39. Cross-Plaintiffs/Defendants, as a tax return preparer, and as persons failed to furnish copy to taxpayer, Van Schwartzman for any return or claim for refund.

40. Cross-Plaintiffs/Defendants did so with reasonable cause, and not due to willful neglect.

41. Thus, Cross-Defendant seeks the maximum penalty under this Act, and as prayed for below.

7

VAN SCHWARTZMAN'S FIRST AMENDED COMPLAINT

# THIRD CAUSE OF ACTION
## VIOLATION OF 26 U.S. Code § 6695
### (Against All Cross-Plaintiffs/Defendants)

42. Cross-Cross-Plaintiffs/Defendants/ Plaintiff refers to, re-alleges, and incorporates by reference paragraphs 1-41, above.

43. As per Section **26 U.S. Code § 6695**, Van Schwartzman alleges a cause of action, based on the following:

44. "(d) FAILURE TO RETAIN COPY OR LIST

    Any person who is a tax return preparer with respect to any return or claim for refund who fails to comply with section 6107(b) with respect to such return or claim shall pay a penalty of $50 for each such failure, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The maximum penalty imposed under this subsection on any person with respect to any return period shall not exceed $25,000."

45. Cross-Plaintiffs as a tax return preparer, and as persons failed to retain copy or list to taxpayer, Van Schwartzman for any return or claim for refund.

46. Cross-Plaintiffs' conduct, and lack thereof, with reasonable cause, and not due to willful neglect.

47. Thus, Van Schwartzman seeks the maximum penalty under this Act, and as prayed for below.

# FOURTH CAUSE OF ACTION
## VIOLATION OF 26 U.S. Code § 6695
### (Against All Cross-Plaintiffs/Defendants)

48. Cross-Defendant refers to, re-alleges, and incorporates by reference paragraphs 1-47, above.

49. As per Section **26 U.S. Code § 6695**, Van Schwartzman alleges a cause of action, based on the following:

50. "(e)FAILURE TO FILE CORRECT INFORMATION RETURNS Any person required to make a return under section 6060 who fails to comply with the requirements of such section shall pay a penalty of $50 for—

   (1) each failure to file a return as required under such section, and

   (2) each failure to set forth an item in the return as required under section, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The maximum penalty imposed under this subsection on any person with respect to any return period shall not exceed $25,000."

51. Cross-Plaintiffs/Defendants, as a tax return preparer, and as persons failed to retain copy or list to taxpayer, Cross-Defendant Van Schwartzman for any return or claim for refund.

52. Cross-Plaintiffs/Defendants' conduct was put forth with reasonable cause, and not due to willful neglect, as per this section.

53. Thus, Van Schwartzman seeks the maximum penalty under this Act, and as prayed for below.

## FIFTH CAUSE OF ACTION
## VIOLATION OF 26 CFR § 1.6695-2 –
**Tax return preparer due diligence requirements for certain tax returns and claims.**
**(Against All Cross-Plaintiffs/Defendants)**

54. Cross-Defendant refers to, re-alleges, and incorporates by reference paragraphs 1-52, above.

55. As per Section **26 U.S. Code § 1.6695-2,** Cross-Defendant alleges a cause of action, based on the following:

   "Tax return preparer due diligence requirements for certain tax returns and claims.

   (a) *Penalty for failure to meet due diligence requirements*—(1) *In general.* A person who is a tax return preparer (as defined in section 7701(a)(36)) of a tax return or claim for refund under the Internal Revenue Code who determines the

9

taxpayer's eligibility to file as head of household under section 2(b), or who determines the taxpayer's eligibility for, or the amount of, the child tax credit (CTC)/additional child tax credit (ACTC) under section 24, the American opportunity tax credit (AOTC) under section 25A(i), or the earned income credit (EIC) under section 32, and who fails to satisfy the due diligence requirements of paragraph (b) of this section will be subject to a penalty as prescribed in section 6695(g) (indexed for inflation under section 6695(h)) for each failure. A separate penalty applies to a tax return preparer with respect to the head of household filing status determination and to each applicable credit claimed on a return or claim for refund for which the due diligence requirements of this section are not satisfied and for which the exception to penalty provided by paragraph (d) of this section does not apply."

56. In this case, Cross-Defendant seeks penalty for failure of Cross-Plaintiffs as tax return prepare, in meeting due diligence requirements for certain tax returns and claims.

57. Violation of § 301.7216-1 Penalty for disclosure or use of tax return information.

58. "(a) In general. Section 7216(a) prescribes a criminal penalty for tax return preparers who knowingly or recklessly disclose or use tax return information for a purpose other than preparing a tax return. A violation of section 7216 is a misdemeanor, with a maximum penalty of up to one year imprisonment or a fine of not more than $1,000, or both, together with the costs of prosecution. Section 7216(b) establishes exceptions to the general rule in section 7216(a) prohibiting disclosure and use. Section 7216(b) also authorizes the Secretary to promulgate regulations prescribing additional permitted disclosures and uses. Section 6713(a) prescribes a related civil penalty for disclosures and uses that constitute a violation of section 7216. The penalty for violating section 6713 is $250 for each prohibited disclosure or use, not to exceed a total of $10,000 for a calendar year. Section 6713(b) provides that the exceptions in section 7216(b) also apply to section 6713. Under section 7216(b), the provisions of section 7216(a) will not apply to any disclosure or use permitted under regulations prescribed by the Secretary."

59. Schwartzman clearly has factual evidence where Cross-Plaintiffs/Defendants disclosed, and revealed the status of his confidential tax information to the person who referred this tax resolution service to Van Schwartzman.

60. Knowingly and reckless disclosure of tax return information for a purpose other than preparing a tax return is a violation, as per this section.

61. Cross-Plaintiffs/Defendants have failed to meet their stated requirements, as per section 301.7216-1, and thus, Cross-Cross-Plaintiffs/Defendants/ Plaintiff seeks a penalty for disclosure or use of tax return information to third parties.

## SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT
## (Against All Cross-Plaintiffs/Defendants)

62. Cross-Defendants/Plaintiff refers to, re-alleges, and incorporates by reference paragraphs 1-60, above.

63. Cross-Plaintiffs/Defendants breached their contract with Van Schwartzman.

64. The elements of a cause of action for breach of contract are: "1) the contract, 2) defendants' performance or excuse for nonperformance, 3) defendants' breach, and 4) the resulting damages to plaintiff." *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1614, 126 Cal.Rptr.3d 174.)

65. In this case, a contract existed between parties, because Cross-Van Schwartzman signed a retainer Cross-Plaintiffs Born sent to him, for Cross-Plaintiff South Coast's tax resolution services.

66. Cross-Plaintiffs/Defendants agreed to provide tax consultant and tax assistance services to Schwartzman, in order to resolve Cross-Defendant/Plaintiff's tax debts with the Franchise Tax Board and Internal Revenue Service.

67. Van Schwartzman performed on the agreed contract, because Cross-Defendants/Plaintiff sent all required tax forms, tax information, and business information to Cross-Plaintiffs/Defendants.
68. Cross-Defendant paid Cross-Plaintiffs/Defendants a certain sum to provide tax consultant and tax assistance services, in order to resolve Cross-Cross-Plaintiffs/Defendants/ Plaintiff s' tax debts with the Franchise Tax Board and Internal Revenue Service.
69. Cross-Plaintiffs/Defendants failed to perform, with no excuse for non-performance.
70. Cross-Plaintiffs/Defendants breached the contract with Van Schwartzman, because Van Schwartzman's tax debts were not resolved, all the while Van Schwartzman paid Cross-Plaintiffs/Defendants providing his credit card, and bank account debit information to provide tax consultant and tax assistance services in order to resolve Cross-Cross-Plaintiffs/Defendants/ Plaintiff s' tax debts with the Franchise Tax Board and Internal Revenue Service.
71. This is a material breach of the retainer contract.
72. Because Van Schwartzman paid Cross-Plaintiffs/Defendants to provide tax consultant and tax assistance services in order to resolve Van Schwartzman's tax debts with the Franchise Tax Board and Internal Revenue Service, but the services offered by Cross-Plaintiffs/Defendants failed to resolve said tax debts, Cross-Defendant suffered significant resulting damages.
73. Cross-Defendant incurred a minimum of $14,000 in fees with the Franchise Tax Board of California, and the IRS.
74. Cross-Defendant requests all damages, as per this contract, as alleged below in prayer for relief, as well as damages this Court deems proper and just.

## PRAYER FOR RELIEF

Van Schwartzman prays for judgment against Cross-Plaintiffs/Defendants as follows:

1. For the penalties, and damages, according to proof;
2. For actual damages in amount to be proven at trial;
3. For special damages in amount to be proven at trial;
4. For general damages in an amount to be proven at trial;
5. For economic loss in an amount to be proven at trial;
6. For punitive damages in an amount to be proven at trial;
7. For treble damages;
8. For exemplary damages in an amount to be proven at trial;
9. For pre-and post-judgment interest;
10. For damages, as per U.S. Code Section 26;
11. For reasonable attorney's fees and costs, per statute, and per any contract, and at this court's discretion;
12. For declaratory relief of Cross-Defendants' rights, and remedies;
13. For costs of suit and fees incurred herein; and;
14. As to all causes of action, for such other, further, and different relief which this court deems just and proper.

///

## JURY DEMAND

Van Schwartzman demands trial by jury of each, and all triable causes of action.

///

**DATED: April 22, 2021**              **Respectfully Submitted,**

**/s/ Reshma Kamath**
**Reshma Kamath**
**Counsel,**
**For Cross-Defendants/ Plaintiff**
**Van Schwartzman**

# PROOF OF SERVICE
F.R.C.P. 5 / C.C.P. § 1013(a)(3), C.C.P. § 1010.6(a)(6) / Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of San Diego. I am over the age of 18, and not a party to this action. My business address is: Griffin Law Group, 550 West B Street, 4th Floor #130, San Diego, CA 92101. On April 22, 2021, I served the following document(s), by method indicated below, on the parties in this action: *SEE ATTACHED SERVICE LIST*.

PROOF OF SERVICE FOR FIRST AMENDED COMPLAINT

**OVERNIGHT U.S. MAIL**

In placing the original / a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Griffin Law Group, 550 West B Street, 4th Floor #130, San Diego, CA 92101, following ordinary business practices. I am readily familiar with Griffin Law Group's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

**ELECTRONIC SERVICE**

In electronically transmitting courtesy copies of the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list. To my knowledge, the transmission was reported as complete and without error.

///

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct. Executed on the 22nd April, 2021 in San Diego, California.

///

**DATED**: April 22, 2021

**DAVID R. GRIFFIN**

| Anthony McClaren (SBN 232515) <br> Perleberg McClaren LLP <br> 4223 Glencoe Avenue, Suite A220 <br> Marina del Rey, California 90292 <br> Telephone: (323) 741-6500 <br> akm@pmlegal.law | Attorney for Cross-Plaintiffs/Defendantss/Cross-Complainants <br><br> Via USPS Mail Service, and E-mail Service. |
|---|---|