**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3723-GW-SKx | Date | May 11, 2021 |
|---|---|---|---|
| Title | *Van Schwartzman v. South Coast Tax Resolultion, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None Present  None Present

**PROCEEDINGS:**     IN CHAMBERS - ORDER REMANDING ACTION TO STATE COURT; VACATING SCHEDULING CONFERENCE

    On May 3, 2019, plaintiff/cross-defendant Van Schwartzman ("Schwartzman") removed this action to this Court from Los Angeles County Superior Court. Because subject matter jurisdiction is lacking here, the Court will remand the matter to state court. *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.* 336 F.3d 982, 985 (9th Cir. 2003) (providing a party with an opportunity to respond when a court dismisses a case is not necessary when dismissal is for lack of subject matter jurisdiction).[1]

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's obligation to consider its subject matter jurisdiction in every case before it. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The party attempting to remove an action from state to federal court bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447.

    Defendant appears to assert that a federal question exists in this action because the dispute

---

[1] Although it is a procedural defect that may not be a basis for a *sua sponte* remand, Schwartzman also plainly removed the action in an untimely manner. The Cross-Complaint in this action was filed February 18, 2021, and Schwartzman filed a motion to strike that pleading on March 26, 2021, but Schwartzman for some reason identifies an April 22, 2021 order issued by the state court as the time at which his 30-day period to remove commenced. *See* Notice of Removal at 6:1-23; Docket Nos. 1-5, 1-6, 1-10. There is no explanation for why any federal question in this case – which, as explained above, does not exist (at least in terms of jurisdictional considerations) – would have been first revealed by way of that April 22, 2021 order. *See* Docket No. 1-10. In any event, the Court does not rest its analysis to remand this action on this obvious procedural defect in Schwartzman's removal.

                                                                                   :

                                                               Initials of Preparer    JG

**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-3723-GW-SKx | Date | May 11, 2021 |
|---|---|---|---|
| Title | *Van Schwartzman v. South Coast Tax Resolultion, et al.* | | |

between the parties concerns preparation of federal tax returns. *See* Notice of Removal at 4:2-9, 6:24-26, 8:7-10. In order to remove a case to federal court based on federal question jurisdiction, a federal question must appear on the face of a plaintiff's complaint (or, under Schwartzman's theory, a cross-complainant's cross-complaint[2]). *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831 (2002) ("A counterclaim . . . cannot serve as the basis for 'arising under' [federal] jurisdiction."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). The Cross-Complaint in this action presents California-law claims for breach of contract, breach of good faith and fair dealing, intentional interference with prospective economic relations, and defamation-libel. *See* Docket No. 1-5. The mere asserted relevance of federal tax-preparation does not present a federal question. A plaintiff also cannot remove *his own* case based upon federal questions appearing on the face of *his own* Complaint, *see* Footnote 2, *supra*, let alone his own un-filed, proposed, amended complaint. *See* Docket No. 1-11.

For the foregoing reasons, the action is remanded to the Superior Court of the State of California for the County of Los Angeles. The Scheduling Conference set for June 17, 2021, in this matter is vacated.

---

[2]A plaintiff may not remove a case to federal court from state court, even to defend against a counterclaim or cross-complaint. *See* 28 U.S.C. § 1441(a); *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007). To the extent this rule is considered a procedural defect, as opposed to a subject matter jurisdiction-based defect, the Court has no need to rely upon this rule to determine that remand is appropriate here.

:

Initials of Preparer    JG